IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CV-142-BO

| | |
|---|---|
| LINDA SCATURRO, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>*Acting Commissioner of Social Security,* )<br>      Defendant. )<br>_____) | **O R D E R** |

Plaintiff's counsel has moved for attorney's fees and costs pursuant to 42 U.S.C. § 406(b) [DE 59]. For the reasons stated herein, counsel's motion is GRANTED but the total fee awarded is REDUCED.

## DISCUSSION

Plaintiff's counsel seeks fees pursuant to 42 U.S.C. § 406(b). Section 406(b)(1) allows the Court to award a "reasonable fee" of up to twenty-five percent of the past due benefits paid to the plaintiff. This Court reviews the requested fee for reasonableness and may reduce the fee if, for example, the attorney is responsible for a delay in the proceedings or the award would amount to a windfall to counsel. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808–09 (2002).

Plaintiff's counsel received a letter from the Acting Commissioner stating that $28,532.75 was withheld as the balance of twenty-five percent of the past due benefits payable to plaintiff. [DE 60–2]. Counsel represents that she spent approximately fifty-four hours working on plaintiff's case in this Court [DE 60–4]. Counsel has also presented a contingency fee agreement signed by plaintiff stating that counsel would receive twenty-five percent of any past-due award received by plaintiff. [DE 60–1].

Counsel stated that her typical hourly rate is $375, and she has already been awarded $6,500.00 in fees for her work before the Social Security Administration. [DE 60, 60-3].

While the contingency fee agreement is afforded significant weight, the Court must still consider whether the amount provided for is reasonable. This was a relatively straightforward social security claim, as reflected by the number of hours spent by counsel on this matter. An award of the full twenty-five percent of the past due award would be unreasonable and would amount to a windfall in this instance, given the number of hours spent by counsel on this matter and counsel's standard hourly rate. The Court finds that under the circumstances of this case, an award of $18,000 in fees yields a reasonable result.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees pursuant to §406(b)(1) is GRANTED, but the award is reduced to $18,000.00 for the reasons stated above.

SO ORDERED.

This **27** day of August, 2014.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2

Case 7:11-cv-00142-BO   Document 62   Filed 08/28/14   Page 2 of 2